UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK DAVIS,

Plaintiff,

v.

FRANCISCO JIMENEZ, et al.,

Defendants.

Case No. 1:26-cv-06012-HBK (PC)

ORDER GRANTING CONSTRUED MOTION TO AMEND COMPLAINT AND DIRECTING PLAINTIFF TO FILE A COMPLETE FIRST AMENDED COMPLAINT

(Doc. 7)

NOVEMBER 25, 2026 DEADLINE

Plaintiff Malik Davis, proceeding pro se, moves to amend his complaint in this civil rights action filed under 42 U.S.C. § 1983. His submission includes proposed First Amended Complaint. (Doc. 7). [1]

Background

Plaintiff's original complaint names five correctional officers and a nurse at Kern Valley State Prison ("KVSP"). (Doc. 1). He alleges than an officer threw him to the ground and beat him during transportation for a medical emergency while other officers failed to intervene. (*Id.* at 5–8). He also alleges retaliation for filing a grievance about the incident. (*Id.* at 9–10).

[1] Plaintiff also submitted a California state court fee-waiver application. (Doc. 7 at 5–10). To the extent he seeks to proceed without prepaying the filing fee, the Court already granted that request on September 10, 2026. (Doc. 8). No further ruling on that request is necessary.

Plaintiff seeks to add two additional correctional officers who allegedly participated in the retaliation. (Doc. 7 at 1–2). His proposed amended complaint lists the defendants, requests damages, and describes the new defendants' alleged conduct. (*Id.* at 1–4). However, it does not repeat the allegations against the original defendants. Instead, it refers the Court to the original complaint. (*Id.* at 2 ("Refer to claim II (threat to safety)")).

Requirement for the Amended Complaint

Because no defendant has been served and Plaintiff has not previously amended his complaint, he may amend as a matter of right under Federal Rule of Civil Procedure 15(a). However, an amended complaint completely replaces the original complaint. *Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). It must therefore be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

This means Plaintiff must include in his First Amended Complaint: every defendant he intends to sue; every claim he intends to pursue, including any claims from the original complaint; and the facts supporting each claim, including what each defendant allegedly did or failed to do. *Adom v. Cal. Dep't of Corr. and Rehab.*, 190 F.4th 823, 834 (9th Cir. 2026); *Lacey*, 693 F. 3d at 907 n.1; E.D. Cal. L.R. 220. Plaintiff may not rely on the original complaint or direct the Court to read it for additional facts or claims. Any allegations he wants the Court to consider must appear in the First Amended Complaint.

The proposed amended complaint appears to omit allegations that Plaintiff intends to keep. The Court therefore treats the submission as a motion to amend only and will not accept the attached proposed complaint as the operative complaint. Plaintiff may instead file a complete First Amended Complaint.

Plaintiff also may not combine unrelated claims against unrelated defendants int his action. When adding defendants, the claims against them must arise from the same transaction, occurrence, or series of transactions or occurrences and share at least one common question of law or fact. Fed. R. Civ. P. 20(a)(2).

////

Accordingly, IT IS ORDERED:

1. Plaintiff's construed motion to amend (Doc. 7) is GRANTED;

2. The Clerk of Court shall send Plaintiff a blank civil rights complaint form with this Order.

3. No later than November 25, 2026, Plaintiff shall deliver to correctional officials for mailing a complete amended complaint titled "First Amended Complaint" bearing the case number shown above. It must include all defendants, claims, and supporting factual allegations he intends to pursue. It must not incorporate the original complaint by reference.

4. If Plaintiff does not submit the First Amended Complaint for mailing or request an extension by that deadline, the Court will recommend dismissal of this action for Plaintiff's failure to comply with this Order and for failure to prosecute. See Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110.

Dated: October 27, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE